UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>OMAR RODULFO TOUCHE,<br><br>Defendant. | Case No. CR11-0123<br><br>REPORT AND RECOMMENDATION |

On the 3rd day of April 2012, this matter came on for hearing on the Petition for Warrant or Summons for Offender Under Supervision (docket number 28) filed on March 20, 2012. The Government was represented by Special Assistant United States Attorney Anthony Morfitt. Defendant Omar Rodulfo Touche appeared in person and was represented by his attorney, Gerald J. Kucera.

## I. RELEVANT FACTS AND PROCEEDINGS

On December 14, 2011, Defendant was sentenced to 108 days imprisonment following his plea of guilty to the unauthorized use of a social security account number, in violation of 42 U.S.C. § 408(a)(7)(B). *See* docket number 24. Defendant was given credit for 108 days previously served in federal custody, from August 29, 2011 to December 14, 2011. Defendant was remanded to the custody of the United States Marshal for immediate processing to the Bureau of Immigration and Customs Enforcement ("ICE") detainer. Defendant was ordered to serve a 2-year term of supervised release.

1

On March 13, 2012, Defendant was released from ICE custody and commenced his term of supervised release.[1] Defendant advised his probation officer on March 13 that he would be staying at a specific residence on First Avenue SE in Cedar Rapids. According to Defendant, he believed the information was truthful. Defendant subsequently discovered, however, that he would not be able to stay at that residence. Defendant admits that he did not then contact his probation officer and advise her that he would not be residing at the address previously provided. Furthermore, when the probation officer attempted a home visit on March 20, she discovered that it was "an invalid address."[2] In addition, Defendant could not be reached at the telephone number provided to his probation officer.

Because Defendant's whereabouts were unknown, the probation office filed the instant petition seeking a warrant for Defendant's arrest. At about that time, Defendant called his probation officer. Defendant claims that he was calling to "check in," and did not know that his probation officer was looking for him. In any event, Defendant was arrested on March 21.[3]

Defendant initially appeared on the revocation proceedings on March 22, 2012. A detention hearing was scheduled for March 27. I determined that further information was required regarding Defendant's potential release, however, and the hearing was continued to March 29. Defendant was released from custody on that date.

On April 3, a hearing was held on the merits. Defendant admitted the violations set forth above and neither party presented any evidence. Defendant advised the Court that

---

[1] It is the Court's understanding that Defendant may be a material witness in an ongoing investigation and, pursuant to an agreement between the United States Attorneys Office and ICE, will not be immediately removed from the country. As part of the agreement, it is anticipated that Defendant will receive an authorization from the appropriate immigration authorities to work legally in the United States.

[2] The house number and street name provided by Defendant were accurate, but the house was located across the street on First Avenue NE, rather than First Avenue SE.

[3] It is unclear to the Court whether Defendant was advised that a warrant had been issued for his arrest and whether he surrendered himself.

he is currently residing in a motel, but he hopes to move to an apartment within the next week or two. Defendant also advised the Court that he had recently talked with ICE officials to schedule an interview in Des Moines to obtain a work authorization. Defendant now has a phone and has provided his probation officer with the phone number.

## II. DISCUSSION

Defendant is an illegal alien who is subject to removal from the United States. He was recently released from ICE custody, however, due to his status as a material witness in an ongoing investigation. As part of an agreement between the United States Attorneys Office and ICE, Defendant will be permitted to obtain a work authorization and remain in the United States temporarily.

When Defendant was released on March 13, he advised his probation officer that he would be staying at a specific residence on First Avenue in Cedar Rapids. It would appear that he mistakenly reported the address as being on First Avenue SE, rather than First Avenue NE. In any event, he soon discovered that he would be unable to reside at that residence. Defendant admits that he did not contact his probation officer and advise her that he would not be staying at the address previously provided. Accordingly, when the probation officer attempted a home visit on March 20, Defendant could not be found. This action was then initiated and a warrant was issued for his arrest.

The probation officer and the Government recommend that Defendant remain on release pending his removal by ICE, but that the conditions of release be modified to include placement at a residential reentry center. Defendant argues that if he is able to establish a stable residence and obtain employment, then placement at a halfway house is not required. At the time of hearing, counsel for the Government agreed that if Defendant obtained employment and was able to establish a stable residence, then placement at the halfway house may not be required.

I released the Defendant from custody following a detention hearing on March 29. Defendant was living in a motel at the time of the merits hearing on April 3, but he advised

the Court that he was hopeful that he would be able to obtain an apartment with a friend in the next week or two. Defendant also confirmed that he had contacted ICE authorities to arrange for an interview in Des Moines to obtain a work authorization. Apparently, however, that interview has yet to be scheduled.

The Modified Presentence Investigation Report (docket number 37-1) – prepared for Defendant's recent sentencing for unauthorized use of a social security account number – reflects multiple misdemeanor convictions in the last three years. Specifically, Defendant has been convicted of public intoxication, interference with official acts, operating while intoxicated, disorderly conduct, "missile ordinance," and disorderly conduct. A pending charge included allegations that Defendant had assaulted his wife. A state no-contact order is in place and, as part of Defendant's recent release in this Court, Defendant was ordered not to have any contact with Brandy Touche.

According to the Supervised Release Violation Worksheet, failure to provide truthful information to a probation officer and failure to advise a probation officer of an address change constitute "Grade C" violations. The guideline range of imprisonment is 3-9 months, pursuant to § 7B1.4(a) of the sentencing guidelines. The maximum term of imprisonment is two years and the maximum term of supervised release is three years.

If Defendant obtains employment and is able to establish a stable residence, then I do not believe that placement at a halfway house is required. Space at the Gerald Hinzman Center in Cedar Rapids is limited and I believe it can be better used for defendants with a greater need of supervision. If Defendant fails to find employment or if he fails to maintain a stable residence, however, then placement at a halfway house is appropriate. By the time this matter comes to the attention of the district court for a final determination, Defendant's circumstances will likely be solidified one way or the other.

### III. RECOMMENDATION

For the reasons set forth above, it is respectfully **RECOMMENDED** that if Defendant obtains employment and establishes a stable residence, then he be continued on

release on the same terms and conditions previously imposed. It is further **RECOMMENDED**, however, that if Defendant does not obtain employment or does not establish a stable residence, then his release conditions be modified to include placement in a residential reentry center.

The parties are advised, pursuant to 28 U.S.C. § 636(b)(1), that within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court. *The parties are reminded that pursuant to Local Rule 72.1, "[a] party asserting such objections must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections." Accordingly, if the parties are going to object to this Report and Recommendation, they must promptly order a transcript of the hearing held on April 3, 2012.*

DATED this 4th day of April, 2012.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA